## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA
FOR THE USE OF RAINBOW PAINTING**,
a general partnership consisting of
**PABLO MENDOZA** and
**JUAN FRANCISCO CRUZ**,

       Plaintiff,

   vs.                             No.   **CIV 02-1474 MCA/RHS**

**WASHINGTON INTERNATIONAL
INSURANCE COMPANY**,
**BELT CON CONSTRUCTION, INC.**, and
**ERNESTO CENTENO** d/b/a
**PRIME CONTRACTORS**, individually
and jointly and severally,

       Defendants.

### MEMORANDUM OPINION AND ORDER

    **THIS MATTER** comes before the Court on the following motions: ***Belt Con Construction, Inc.'s Motion to Dismiss*** [Doc. No. 5] filed on January 17, 2003; ***Washington International Insurance Company's Motion to Dismiss*** [Doc. No. 6] filed on January 17, 2003; the ***Motion to Set Hearing for Oral Argument*** [Doc. No. 13] filed on February 14, 2003; the ***Motion for Continuance*** [Doc. No. 19] filed on May 12, 2003; and ***Ernesto Centeno d/b/a Prime Contractors' Motion to Dismiss*** [Doc. No. 23] filed on July 3, 2003. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court finds that grounds exist for dismissing this action without

prejudice for lack of subject-matter jurisdiction.  Accordingly, the motions to dismiss are granted, and the motions for oral argument and a continuance are denied as moot.

I.      **BACKGROUND**

Plaintiff Rainbow Painting (Rainbow) filed this civil action on November 22, 2002, seeking damages in the amount of $50,450.00, plus an award of attorney fees and costs, to remedy Defendants' alleged failure to pay the complete amount due for painting services and material that Rainbow provided at a construction project in Artesia, New Mexico.  The allegations in  *Plaintiff's Original Complaint* [Doc. No. 1] can be summarized in the light most favorable to Rainbow as follows.

Rainbow entered into a contract with Defendant Ernest Centeno d/b/a Prime Contractors (Centeno) for the painting services and material at issue in this case.  (Ex. 1 to Pltf.'s Compl.)  Centeno operated as a subcontractor to Belt Con Construction, Inc. (Belt Con), on the construction project in question.  (Pltf.'s Compl. ¶ 8.)  Belt Con issued a payment bond to Metric Construction, Inc. (Metric), and operated as a subcontractor to Metric.  (Ex. C to Pltf.'s Compl.)  Metric was the general contractor on the project under a contract with the General Services Administration (GSA) of the United States Government.  (Attachment to Ex. D to Pltf.'s Compl.)

II.     **ANALYSIS**

In determining whether Plaintiff's *Complaint* is sufficient to establish federal subject-matter jurisdiction, the Court construes Plaintiff's pleading liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences

in Plaintiff's favor.  See Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir.

2001).  Unless it is shown that no re-drafting of the pleadings could cure the jurisdictional

defect, a dismissal for lack of subject-matter jurisdiction generally is not a decision on the

merits and, therefore, constitutes a dismissal without prejudice.  See Fed. R. Civ. P. 41(b);

Leaf v. Supreme Ct. of Wis., 979 F.2d 589, 595 (7th Cir. 1992).

Similarly, dismissal of a complaint for failure to state a claim under Fed. R. Civ. P.

12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief.'"  GFF Corp. v. Associated

Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson,

355 U.S. 41, 45-46 (1957)).  "The court's function on a Rule 12(b)(6) motion is not to weigh

potential evidence that the parties might present at trial, but to assess whether the plaintiff's

complaint alone is legally sufficient to state a claim for which relief may be granted."  Miller

v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991).  Accordingly, all well-pleaded factual

allegations in the complaint are accepted as true and viewed in the light most favorable to

the nonmoving party.  GFF Corp., 130 F.3d at 1384.

"In addition to the complaint, the . . . [C]ourt may consider documents referred to in

the complaint if the documents are central to the plaintiff's claim and the parties do not

dispute the documents' authenticity."  Jacobsen v. Deseret Book Co., 287 F.3d 936, 941

(10th Cir. 2002); accord GFF Corp., 130 F.3d at 1384.  The Court "'may also take judicial

notice of matters of public record' without converting a 12(b)(6) motion into a motion for

summary judgment."  Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

3

On federal construction projects covered by the Miller Act, 40 U.S.C. § 3131 to 3133 (West. Supp. 2003) (formerly codified at 40 U.S.C. §§ 270a through 270d), a person having a direct contractual relationship with a subcontractor, but no contractual relationship with the contractor who furnished the payment bond, may bring a civil action on the payment bond after giving the required notice.  See 40 U.S.C. § 3133(b)(2).  The Supreme Court has interpreted the term "subcontractor" as used in this statute to mean "one who contracts with a prime contractor" and not those with "more remote relationships."  Bateson Co. v. United States ex rel. Bd. of Tr. of Nat'l Automatic Sprinkler Indus. Pension Fund, 434 U.S. 586, 594 (1978).

In their motions to dismiss, Defendants assert that Centeno does not fall under the Miller Act's definition of a "subcontractor" because Metric was the prime contractor, and Centeno did not contract with Metric.  If this assertion is true, it follows that Rainbow has no federal claim against Defendants under the Miller Act because Rainbow did not have a direct contractual relationship with any entity that falls under the statutory definition of a "subcontractor."  If Rainbow has no federal claim against Defendants under the Miller Act, it also follows that there is no independent basis for this Court to exercise supplemental jurisdiction over Rainbow's state-law claims in this case.  See 28 U.S.C. § 1367(c).

Rainbow attempts to defeat Defendant's motions to dismiss by claiming that Metric's status is analogous to that of a construction manager or supervising agent for the Government.  Where a government agency employs a private supervising agent to manage a construction project, and the private supervising agent in turn contracts with another

company that actually performs the construction work and furnishes the payment bond to the

Government, some courts have held that the company which actually performs the

construction work and furnishes the payment bond to the Government may be considered the

"prime contractor" for purposes of the Miller Act.  See United States ex rel. Hillsdale Rock

Co., Inc. v. Cortelyou & Cole, Inc., 581 F.2d 239, 242 (9th Cir. 1978); United States ex rel.

W. Pac. Sales, Inc. v. Harder Indus. Contractors, Inc., 225 F. Supp. 699, 701-02 (D. Ore.

1963).  Thus, if Metric is treated as a mere construction manager or supervising agent under

this analogy, then Belt Con might be considered the prime contractor in this case.  If Belt

Con is considered the prime contractor, then Centeno falls within the statutory definition of

a "subcontractor," and Rainbow acquires a cause of action under the Miller Act by virtue of

its direct contractual relationship with Centeno.

        After reviewing *Plaintiff's Original Complaint* and the attachments thereto, the Court

concludes that Metric's status is not that of a mere construction manager or supervising agent

in this case.  In support of this conclusion, the Court notes that the type of payment bond

covered by the Miller Act must be "furnish[ed] to the Government" by the contractor.  40

U.S.C. § 3131(b); see United States ex rel. Tri-State Road Boring, Inc. v.  United States

Fidelity & Guaranty Co., 959 F. Supp. 345, 347 (E.D. La. 1996).  The payment bond

attached as Exhibit C to *Plaintiff's Original Complaint* was furnished by Belt Con to Metric.

It was not furnished to the Government.  In this respect, Belt Con's payment bond is

distinguishable from those at issue in Cortelyou Cole, Inc., 581 F.2d at 242, and Harder

Indus. Contractors, Inc., 225 F. Supp. at 701, which were furnished to both the supervising

agent *and* the Government.  For these reasons, the Court concludes that Belt Con cannot be considered the prime contractor for purposes of the Miller Act in this case.

It follows that Centeno does not fall within the statutory definition of a "subcontractor" in this instance, and thus Rainbow does not have a cause of action against Defendants under the Miller Act.  Without such a cause of action, "the Miller Act cannot serve as a basis for this Court to exercise subject-matter jurisdiction." United States Fidelity & Guaranty Co., 959 F. Supp. at 347. As *Plaintiff's Original Complaint* alleges no other independent basis for establishing federal jurisdiction in this case, it would be improper for this Court to exercise supplemental jurisdiction over the state-law claims alleged in Counts II, III, and IV of that pleading.  See id. at 347-48.

## III.    CONCLUSION

For the foregoing reasons, the Court grants Defendants' motions to dismiss, denies as moot the motions for oral argument and a continuance, and dismisses this action without prejudice for lack of subject-matter jurisdiction.

**IT IS, THEREFORE, ORDERED** that *Belt Con Construction, Inc.'s Motion to Dismiss* [Doc. No. 5] , *Washington International Insurance Company's Motion to Dismiss* [Doc. No. 6], and *Ernesto Centeno d/b/a Prime Contractors' Motion to Dismiss* [Doc. No. 23] are **GRANTED** under the conditions specified herein.

**IT IS FURTHER ORDERED** that the *Motion to Set Hearing for Oral Argument* [Doc. No. 13], and the *Motion for Continuance* [Doc. No. 19] are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO ORDERED** this 18th day of September, 2003, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge